IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>iBAHN CORPORATION, et al.[1]<br><br>              Debtors. | ) Chapter 11<br>)<br>) Case No. 13-12285 (PJW)<br>) (Jointly Administered)<br>)<br>) **Related to Docket No. 5** |

### ORDER: (I) AUTHORIZING THE DEBTORS TO PAY PREPETITION (A) WAGES, SALARIES, AND OTHER COMPENSATION, (B) EMPLOYEE MEDICAL AND SIMILAR BENEFITS, AND (C) REIMBURSABLE EMPLOYEE EXPENSES; AND (II) AUTHORIZING BANKS AND OTHER FINANCIAL INSTITUTIONS TO PAY ALL CHECKS AND ELECTRONIC PAYMENT REQUESTS MADE BY THE DEBTORS RELATING TO THE FOREGOING

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order (i) authorizing, but not requiring, the Debtors to all the relief requested in the Motion, including to pay prepetition (a) wages, salaries, and other compensation, (b) employee benefits and arrangements and (c) reimbursable employee expenses; and (ii) authorizing banks and other financial institutions to receive, process, honor, and pay all checks presented for payment and electronic payment requests relating to the foregoing; and the Court having found that jurisdiction is proper pursuant to 28 U.S.C. §§ 157 and 1334 as is venue pursuant to 28 U.S.C. §§ 1408 and 1409; this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); the relief requested is proper under 11 U.S.C. §§ 105(a), 507(a)(4) and (5), and

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: iBAHN Corporation (9189), iBAHN General Holdings Corp. (5253), and iBAHN Leasing LLC (2004). The location of the Debtors' headquarters and the service address for each of the Debtors is 2755 E. Cottonwood Parkway, Suite 400 Salt Lake City, Utah 84121.

[2] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

541(d); the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; such relief is necessary to avoid immediate and irreparable harm meaning that the requirements of Rule 6003 of the Federal Rules of Bankruptcy Procedure have been satisfied; proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefore

IT IS HEREBY

ORDERED that the Motion is GRANTED; and it is further

ORDERED that, pursuant to sections 507(a), 363(b) and 105(a) of the Bankruptcy Code, the Debtors are authorized, but not directed, to pay and/or honor the Prepetition Employee Obligations, the Employee Programs, all costs and/or expenses related thereto as set forth in the Motion, in accordance with the Debtors' policies in the ordinary course of business and as provided in the Motion, subject to the following caps:

| Unpaid Wages | $210,000 |
|---|---|
| Withholding Obligations | $150,000 |
| General Reimbursement Obligations | $50,000 |
| Medical Plan Contributions | $100,000 |
| Dental Plan Contributions | $15,000 |
| Vision Plan Contributions | $1,000 |
| Life and AD&D Insurance, Disability Insurance and Voluntary Life Insurance Programs | $4,000 |

| ADP Payments (Payroll Administrator) | $20,000 |

and it is further

ORDERED that no payments to any Employee on account of that Employee's Unpaid Wages and prepetition vacation and sick pay shall exceed the $12,475 cap per Employee provided under section 507 of the Bankruptcy Code; it is further

ORDERED that the Debtors and any other third parties administering withholding obligations on behalf of the Debtors, are authorized, but not directed, to make payments to applicable third parties with respect to the Withholding Obligations, and the Employer Tax Obligation, as set forth in the Motion, and the costs associated therewith, in accordance with the Debtors' ordinary course of business and stated policies, as set forth in the Motion; and it is further

ORDERED that in accordance with this Order and any other order of this Court, the banks and financial institutions at which the Debtors maintain their accounts are authorized to honor all fund transfer requests made by the Debtors related hereto, to the extent that sufficient funds are on deposit in such accounts; and it is further

ORDERED that the Debtors are authorized to pay all processing and administrative fees associated with the Prepetition Employee Obligations, Employee Programs, and other benefits as set forth in the Motion; and it is further

ORDERED that nothing in the Motion or this Order shall be construed as impairing the Debtors' rights to contest the validity or amount of any Prepetition Employee Obligations and/or benefits under the Employee Programs; and it is further

ORDERED that nothing in the Motion shall be deemed a request by the Debtors for authority to assume, and nothing in this Order shall be deemed authorization to assume, any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code or create an administrative obligation for any prepetition wages or benefits; and it is further

ORDERED that the requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the Motion; and it is further

ORDERED that, to the extent the 14-day stay of Bankruptcy Rule 6004(h) may be construed to apply to the subject matter of this Order, such stay is hereby waived; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: September 9, 2013

_____
The Honorable Peter J. Walsh
United States Bankruptcy Judge