IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| iBAHN CORPORATION, et al.,[1] | ) | Case No. 13-12285 (LSS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Objection Deadline: January 27, 2015 at 4:00 p.m. (prevailing Eastern time)
Hearing Date: February 3, 2015 at 10:00 a.m. (prevailing Eastern time)

## DEBTORS' MOTION FOR AN ORDER (A) DISMISSING CHAPTER 11 CASES AND (B) PROVIDING CERTAIN RELIEF IN CONNECTION WITH THE FOREGOING FOR THE DEBTORS' CLAIMS AGENT

The above-captioned chapter 11 debtors and debtors in possession (collectively, the "Debtors") hereby move (the "Motion") this Court, pursuant to Bankruptcy Code sections 105(a) and 1112(b), for entry of an order dismissing these chapter 11 cases (the "Chapter 11 Cases") and providing certain relief in connection with the foregoing for Epiq Bankruptcy Solutions, LLC ("Epiq"), the Debtors' claims agent.

On March 21, 2014, the Debtors closed on the Court-approved sale (the "Sale") of substantially all of their assets to Guest-Tek Interactive Entertainment, Ltd. (the "Purchaser"). After the Sale, the Debtors no longer had any material assets and have conducted virtually no business operations since the closing of the Sale other than winding down the Debtors' business.

The Sale presented the best path available to the Debtors in these Chapter 11 Cases and allowed the Debtors' business operations to continue, in the hands of the Purchaser, to operate as a going concern, thereby keeping certain of the people previously employed by the Debtors to remain employed and providing continuing service to the Debtors' former customers.

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: iBAHN Corporation (9189), iBAHN General Holdings Corp. (5253), and iBAHN Leasing LLC (2004). The location of the Debtors' headquarters and the service address for each of the Debtors is 126 West Sego Lily Drive, Suite 100 Sandy, UT 84070.

The cash consideration generated from the Sale, however, was insufficient to provide payment in full to the Debtors' prepetition secured creditors. Since the time of the Sale, the Debtors have attempted to winddown their business and resolve outstanding matters. While the Debtors have attempted to reach a consensual resolution in these Chapter 11 Cases, they have been unable to effect such resolution. At this point, the Debtors have exhausted their available cash and have no means of proceeding further in the Chapter 11 Cases. In light of the foregoing, the voluntary dismissal of these cases is appropriate and will avoid the incurrence of any further chapter 11 administrative expenses.

### Jurisdiction and Venue

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these proceedings and this Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2. On September 6, 2013 (the "Petition Date"), the Debtors commenced these cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

3. The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or committee has been appointed in the Debtors' chapter 11 cases.

4. The Debtors and their non-debtor affiliates (collectively referred to herein as the "Company") provided global technology services for the hospitality industry providing

integrated digital services, including wired and wireless high-speed internet access, digital television, video-on-demand, and digital audio to guest rooms, conference facilities and other common areas at over 2,200 hotel properties in North America, South America, Europe, Africa, Australia and Asia. The Company also provided wired and wireless high-speed internet access directly to corporations for various events and conferences. The Company's end-to-end IP architecture delivered network monitoring, management and support capabilities to the hotel properties it serviced. The Company was headquartered in Salt Lake City, Utah, and maintained regional offices in Denver, Colorado, London, U.K., Hong Kong, Stirling, Scotland, Cairo, Egypt, and Sydney, Australia, with additional satellite offices throughout the world.

5. The factual background relating to the Debtors' commencement of these chapter 11 cases is set forth in detail in the Declaration of Ryan Jonson in Support of First Day Motions (the "Jonson Declaration") [Docket No. 3] and incorporated herein by reference.

6. On March 11, 2014, the Court held a hearing to consider the Debtors' motion to approve the Sale to the Purchaser and, on March 13, 2014, the Court entered its *Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Substantially all of the Debtors' Assets Outside the Ordinary Course of Business; (II) Authorizing The Sale of Assets free and Clear of all Liens, Claims, Rights, Encumbrances and Other Interests Pursuant to Bankruptcy Code Sections 105, 363(b), 363(f) and 363(m); (III) Authorizing the Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases Pursuant to Bankruptcy Code Sections 363 and 365; and (IV) Granting Related Relief* [Docket No. 298] (the "Sale Order"), which, among other things, authorized and approved the Sale. The Sale consideration took the form of (i) approximately $13 million in cash and (ii) the assumption of certain liabilities.

7.   In advance of filing of this Motion, the Debtors informed the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") that they intended to dismiss the Chapter 11 Cases. The Debtors believe they are current on all fees owing to the U.S. Trustee.

### Basis For Relief

A.   **The Court Should Grant the Dismissal of the Chapter 11 Cases**

8.   Bankruptcy Code section 1112(b) provides, in relevant part, that "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause." See 11 U.S.C. § 1112(b). Although section 1112(b) provides a list of possible circumstances for "cause," the list is not exhaustive and the court is not limited to the enumerated grounds in making its determination of "cause." See In re Gonic Realty Trust, 909 F.2d 624, 628 (1st Cir. 1990). The court is given wide discretion to make an appropriate disposition of a chapter 11 case guided by the outcome that is in the best interest of creditors. See In re Smith, 77 B.R. 496, 499-500 (Bankr. E.D. Pa. 1987). In the context of a motion to dismiss a case under section 1112(b), the Third Circuit has repeatedly noted that the Supreme Court "has identified two of the basic purposes of Chapter 11 as (1) 'preserving going concerns' and (2) 'maximizing property available to satisfy creditors.'" NMSBPCSLDHP, L.P. v. Integrated Telecom Express, Inc. (In re Integrated Telecom Express, Inc.), 384 F.3d 108, 119 (3d Cir. 2004); see also In re American Capital Equipment, LLC, 2008 WL 4597221 *2 (3d Cir. Oct. 16, 2008). The Third Circuit has noted that if neither of these purposes can be demonstrated, dismissal is proper. See id. In addition, Bankruptcy Code section 105(a) provides the Court with supplemental authority to effectuate the overall policy objectives

of the Bankruptcy Code in connection with a motion to dismiss a chapter 11 case. See 11 U.S.C. § 105(a) ("[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.").

9. Here, following the consummation of the Sale, the Debtors have had no ongoing operations or material assets and therefore have no going concern value to preserve or property available to maximize for the benefit of their creditors. Post Sale, the Debtors' efforts have principally been dedicated to winding down the Debtors' estates. At this juncture, the Debtors have exhausted their cash and dismissal of the Debtors' cases is appropriate.

10. Absent a dismissal, the Debtors would continue to incur substantial chapter 11 administrative expenses that could not be paid.

11. Moreover, as discussed above, the Debtors have no plausible means to move forward in chapter 11. The Debtors do not have the cash necessary to fund a chapter 11 plan of liquidation process or any assets with which to generate income to fund such a plan process. Likewise, because the estates have no cash or other assets, there would be no meaningful role for a chapter 7 trustee in these cases. Thus, the dismissal of these cases is the best means of achieving the orderly and efficient conclusion of the Debtors' affairs.

B.     **Relief With Respect to Bankruptcy Code Section 349**

12. The Debtors request that the Court confirm that Bankruptcy Code section 349(a) will not prejudice the Debtors' ability to file a subsequent bankruptcy petition or obtain a discharge in a subsequent bankruptcy case. Bankruptcy Code section 349(a) provides that:

> Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title,

except as provided in section 109(g) of this title.

11 U.S.C. § 349(a). Cause for dismissing a bankruptcy case with prejudice is "generally reserved for extreme situations, such as when a debtor conceals information from the court, violates injunctions, files unauthorized petitions, or acts in bad faith." In re Hall, 304 F.3d 743, 456 (7th Cir. 2002). Here, it is beyond question that no facts that would constitute cause under Bankruptcy Code section 349(a) exist. Accordingly, the Court should grant the requested relief, which simply affirms the "general rule that the dismissal of a case under title 11 is without prejudice." 3 COLLIER ON BANKRUPTCY ¶ 349.02[1] (16th ed. 2010).

13.  The Debtors further request that the Court confirm that Bankruptcy Code section 349(b) will not result in the potential consequences set forth in that section, including, but not limited to, causing any property to revest in the Debtors that was sold, assigned or otherwise transferred to the Purchaser in connection with the Sale. Bankruptcy Code section 349(b)(3) provides, in relevant part, that "[u]nless the court, for cause, orders otherwise, a dismissal of a case...revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title." The "property of the estate" referred to in Bankruptcy Code section 349(b)(3) includes only the property left in the estate at the time of the dismissal and does not upset the sale of property of the estate that occurred during the bankruptcy case to a good faith purchaser. See In re Searles, 70 B.R. 266, 270 (D.R.I. 1987); see also H.R. Rpt. No. 95-595, 95th Cong., 1st Sess. 337-38 (1977) ("This does not necessarily encompass undoing sales of property from the estate to a good faith purchaser."). Here, the Court approved the sale of substantially all of the Debtors' assets to the Purchaser, which was deemed a good faith purchaser by the Court as set forth in the Sale Order. Accordingly, because Bankruptcy Code section 349(b)(3) was not intended, and should not be

interpreted, to interfere with a Court-approved asset sale, the requested relief is appropriate and will provide assurance to all parties in interest. The Debtors further submit that the requested relief is proper because the other provisions of section 349(b), relating to, among other things, custodianships, avoidance and recovery of transfers, and liens void under Bankruptcy Code section 506(d), are plainly inapplicable to these Chapter 11 Cases.

C. **Claims Agent**

14. In connection with the proposed dismissal, the Debtors request that the Claims Agent appointed in these cases be discharged. The Claims Agent has agreed to and the proposed order contains the standard requirements for discharge of a Claims Agent.

**No Previous Request**

15. No previous request for the relief sought herein has been made to this or any other court.

**Notice**

16. Notice of this Motion has been or will be given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee; (ii) counsel to the Debtors' prepetition and postpetition lender; (iii) the thirty five largest unsecured creditors of the Debtors; (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002 and (v) all known creditors of the Debtors. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, the Debtors respectfully request entry of an Order substantially in the form attached hereto as <u>Exhibit 1</u>, dismissing these Chapter 11 Cases, providing for certain relief in connection with the foregoing for the Debtors' claims agent, and such other and further relief that the Court deems just and proper.

Dated: January 13, 2015

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*

Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar 167624)
James E. O'Neill (DE Bar No. 4042)
919 North Market Street, 17th Floor
Wilmington, DE 19899
Telephone: 302-652-4100
Facsimile: 302-652-4400
E-mail: ljones@pszjlaw.com
　　　　dbertenthal@pszjlaw.com
　　　　joneill@pszjlaw.com

Counsel to the Debtors and Debtors in Possession