IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| iBAHN CORPORATION, et al.,[1] | ) | Case No. 13-12285 (LSS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | **Related Docket No. 433** |

**ORDER (A) DISMISSING CHAPTER 11 CASES AND (B) PROVIDING CERTAIN RELIEF IN CONNECTION WITH THE FOREGOING FOR THE DEBTORS' CLAIMS AGENT**

Upon the motion (the "Motion")[2] of the above-captioned chapter 11 debtors and debtors in possession (collectively, the "Debtors") for an order, pursuant to Bankruptcy Code section 1112(b), dismissing the above-captioned chapter 11 cases (the "Chapter 11 Cases") and providing certain relief in connection with the foregoing for Epiq Bankruptcy Solutions, LLC ("Epiq"), the Debtors' claims agent; and the Court having considered the Motion, the record of these Chapter 11 Cases, and any argument of counsel made at any hearing on the Motion; and based upon the foregoing:

**IT HEREBY IS FOUND AND DETERMINED THAT:**

A.    This Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue of these cases is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: iBAHN Corporation (9189), iBAHN General Holdings Corp. (5253), and iBAHN Leasing LLC (2004). The location of the Debtors' headquarters and the service address for each of the Debtors is 126 West Sego Lily Drive, Suite 100 Sandy, UT 84070.

[2] Any capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

DOCS_DE:196580.3 39476/001

B.  The Debtors have demonstrated sufficient bases for the dismissal of the Chapter 11 Cases pursuant to Bankruptcy Code section 1112(b), including the fact that the Debtors have no ongoing business operations, cash or material assets.

C.  Proper and adequate notice of the Motion was provided by the Debtors in accordance with the applicable Federal Rules of Bankruptcy Procedure, including the applicable provisions of Rule 2002 of the Federal Rules of Bankruptcy Procedures, and Local Rules and, accordingly, no other or further notice is necessary.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.  The relief requested in the Motion is granted as set forth herein.

2.  Pursuant to section 1112(b) of the Bankruptcy Code, and effective as of the date the Court enters this Order, the following Chapter 11 Cases shall be dismissed:

    a.  iBAHN Corporation, Case no. 13-12285 (LSS);

    b.  iBAHN General Holdings Corp., Case no. 13-12287 (LSS); and

    c.  iBAHN Leasing LLC, Case no. 13-12290 (LSS);

3.  Epiq shall provide the Court or its clerk, as appropriate, with the final versions of the Debtors' claims registers reflecting all claims then asserted against the applicable Debtors by no later than fourteen (14) business days after Epiq receives notice of entry of this Order.

4.  As soon as practicable after Epiq receives notice of the dismissal of the Chapter 11 Cases, Epiq shall box and transport all original documents, in proper format, as provided by the Clerk of Court for the Bankruptcy Court for the District of Delaware (the "Clerk"), to the Federal Archives Record Administration, located at Central Plains Region, 200

Space Center Drive, Lee's Summit, MO 64064 or such other location requested by the Clerk's office.

5. Upon Epiq's completion of its duties under the foregoing paragraphs, Epiq shall be dismissed as the Debtors' claims and noticing agent.

6. Based upon cause shown by the Debtors, nothing in this Order or by virtue of the dismissal of any of the Chapter 11 Cases shall result in the consequences set forth in Bankruptcy Code section 349(b). Without limitation, nothing in this Order or in dismissal of any of the Chapter 11 Cases shall revest in any Debtor any property of such Debtor's estate that was sold, assigned or otherwise transferred to the Purchaser in connection with the Sale.

7. Nothing in this Order or by virtue of the dismissal of any of the Chapter 11 Cases will vacate, nullify, or otherwise modify any order, judgment or decree entered during the Chapter 11 Cases, including, without limitation, that certain *Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Substantially all of the Debtors' Assets Outside the Ordinary Course of Business; (II) Authorizing The Sale of Assets free and Clear of all Liens, Claims, Rights, Encumbrances and Other Interests Pursuant to Bankruptcy Code Sections 105, 363(b), 363(f) and 363(m); (III) Authorizing the Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases Pursuant to Bankruptcy Code Sections 363 and 365; and (IV) Granting Related Relief*] [Docket No. 298], and all such orders, judgments and decrees shall remain in full force and effect notwithstanding the dismissal of any or all of the Chapter 11 Cases.

8. Pursuant to Bankruptcy Code section 349(a), nothing in this Order or by virtue of the dismissal of any of the Chapter 11 Cases will prejudice or otherwise restrict the rights

of the Estate Representative with regard to the filing of a subsequent petition under the Bankruptcy Code for any or all of the Debtors.

9. The Debtors are hereby authorized to take any or all action necessary or appropriate to implement or effectuate the provisions of this Order.

10. To the maximum extent permitted by law, this Court retains its jurisdiction to interpret, enforce, or otherwise give effect to any and all orders, judgments or decrees entered during the Chapter 11 Cases.

Dated: February 3, 2015

_____
The Honorable Laurie Selber Silverstein
United States Bankruptcy Judge